· HERMAN KECK ET AL. v. AUGUST H. BODE.

1. SECTION 5241, REV. STAT., DECLARATORY ONLY.

     The provisions of Sec. 5241, Rev. Stat., concerning privileged communications between attorney and client is declaratory only, and subject to the same construction as the rule at common law. It is founded upon public policy, to encourage confidence between attorney and client, by preventing disclosure of communications, but the protection thus guaranteed the client cannot be used to defraud the attorney.

2. COMPETENT TESTIMONY BY ATTORNEY.

     Under Sec. 5241, Rev. Stat., relating to privileged communications, it is competent for an attorney to testify as to communications between his client and himself, where it is necessary for him so to do in order to protect his own interests; but the same rule which creates this exception to the statute, limits its scope and effect, and if the communication is not essential to preserve the rights of the attorney, it continues to be privileged.

3. EVIDENCE TENDING TO PROVE OTHER MATTERS—INADMISSIBLE, WHEN.

> *Ex parte* statements and affidavits cannot be introduced as evidence of the nature and character of the service rendered by an attorney in examining them for his client, where these papers tend to prove other matters to the prejudice of the parties, and the object for which they are introduced can be attained in another way.

4. CONFESSION NOT CONSTITUTING UNQUALIFIED ADMISSION—INADMISSIBLE.

> Where in an action brought by an attorney to recover for services rendered a client in settling a dispute among the stockholders of a corporation, in which it was difficult to secure the settlement because of the strained relation existing between them, as appears from a petition prepared but not signed, charging the defendant with the commission of acts constituting a crime, a confession not constituting such an unqualified admission of the truth of the charge therein, as would relieve the attorney from the duty of making an investigation, is not admissible to prove the value of his services therein as being enhanced thereby, since the labor and skill required could easily have been described to the jury.

5. ARGUMENT—REFERENCE TO MATTERS NOT IN ISSUE.

> Reference to a matter not tendered in issue, by an attorney in his argument to the jury, if prejudicial, should be excluded by the court, and the jury instructed to disregard his statement.

HEARD ON ERROR.

Jones & James, for plaintiffs in error.
Goebel & Bettinger, for defendant in error.

GIFFEN, J.

The original action commenced by the defendant in error was upon an account as follows:

"To legal services in the matter of dispute among the stockholders in the Duhme Jewelry Company settling the charges of fraud against H. and O. Keck in selling inferior goods and forcing them upon the public by false marks and false representations and surreptitiously removing goods from store and submitting inferior goods instead of goods intrusted to them by their customers for repair or resetting and effecting an agreement of purchase of dissatisfied stockholders' stock and preventing bringing of suit, $2,500.

"To consultation and bringing about a family agreement in regard to stockholding in Herman Keck Manufacturing Company, $100; total, $2,600.

The first defense of the answer admits that the defendants consulted plaintiff and denies each and every other allegation in plaintiff's amended petition.

The second defense pleads payment. A third defense is a set-off. Numerous errors are assigned and the first that we will notice is the admission of certain communications by defendants to plaintiff in the relation of attorney and claimed to be privileged under Sec. 5241, Rev. Stat., which contains this provision:

Keck v. Bode.

" The following persons shall not testify in certain respects :

" 1. An attorney concerning a communication made to him by his client in that relation, or his advice to his client, * * * but the attorney * * * may testify by express consent of the client."

This provision is only declaratory and should receive the same construction as the rule of the common law. It is founded upon public policy to the end that a client may freely communicate with his attorney without fear of disclosure or abuse of confidence but a like reason should prevent him from using the protection thus guaranteed to him as a means of defrauding the attorney. When a controversy arises between client and attorney the facts of which are evidence by communications between them, the very necessities of the case require an exception to the general rule, and the fact that the legislature has already incorporated one exception does not necessarily exclude all others. In states where the privilege protecting communications with attorneys is still regulated by the common law, as well as in those where it is prescribed by statute, the weight of authority favors the competency of an attorney as a witness to such communications, when the suit is between himself and client.

The doctrine is stated in Mechem on Agency, section 887 as follows :

" But the attorney may disclose information received from the client when it becomes necessary for his own protection, as if the client should bring an action against the attorney for negligence or misconduct, and it became necessary for the attorney to show what his instructions were or what was the nature of the duty which the client expected him to perform. So if it became necessary for the attorney to bring an action against the client, the client's privilege could not prevent the attorney from disclosing what was essential as a means of obtaining or defending his own rights."

It will be observed however that the same necessity which creates the exception limits also its scope and effect, and if the communication is not essential to preserve the rights of the attorney it continues to be privileged.

In the trial below, a petition prepared by counsel for the Duhme Bros., but not signed, which contained serious charges of fraud and dishonesty against the Keck Bros., had been received in evidence, when the defendant in error was permitted to testify that the Kecks had confessed to him that the charges were in part true. It may be doubted whether this petition was itself competent, as its natural tendency was to open up a large field of investigation upon questions not relevant to the issue, and could be received for the purpose only of showing the

strained relation between the Duhmes and the Kecks, and thereby the difficulties the defendant in error had to encounter in his efforts to bring about a settlement.

We think that the so-called confession was erroneously received because it was not such an unqualified admission of the truth of all the charges, as would relieve the attorney of the duty of making an investigation, and if so made, the labor and skill bestowed could easily have been described to the jury.

Again, it necessarily presented the issue of the truth or falsity of the charges, which meant the trial of as many cases of deceit or fraud as the petition contained distinct charges.

While it is true that the Kecks were permitted to deny that they made any such confessions, yet the defendant in error having testified that no third person was present, it became important to prove if possible the falsity of the charges, for if false it is highly improbable that they would admit them to be true even to their attorney, there being an entire absence of motive.

The next alleged error was the admission in evidence of certain *ex parte* statements and affidavits tending to prove the charges set forth in the Duhme petition, although the court cautioned the jury not to consider them for that purpose, but only as tending to show the nature of the business transacted by the attorney and the character of the work performed. It would be difficult for the jury to consider for any purpose statements and affidavits of this kind charging fraud and corruption without inquiring into their truth or falsity to the prejudice of the parties, and if the object sought can be attained through any other source, they should be excluded for any and all purposes. It was competent for the defendant in error to testify that he had examined a certain number of written statements and affidavits, and consumed a certain number of hours or days in doing so. If an attorney sues for services in making an abstract of title to real estate it will hardly be contended that the record should be encumbered with each deed, mortgage, will or other instrument examined by him, in order to prove the value of his services. So in this case the purpose for which the papers were offered could have been subserved by other means less liable to prejudice the plaintiffs in error.

Another alleged error is that the services rendered were immoral, and the payments therefor against public policy.

The defendant in error testified that although the Keck Bros. had acknowledged the truth of some of the charges contained in the Duhme petition, he repeatedly characterized the petition, when conferring with Duhmes' counsel, as a blackmailing petition, "for the purpose (as he

says) of getting the matter settled." However culpable this may be from a moral point of view, the act is not corrupt as tainted with fraud, or illegal as in violation of a rule of law or a statute, so as to constitute a good defense. Moore v. Remington, 34 Barb. 427.

It is further claimed that the court erred in permitting counsel to make the following statement in argument to the jury without reproof or correction: "And to this day Judge Bode is responsible in a ten thousand dollars bond for the appearance of that man in Philadelphia where he is next wanted for trial on the same charge,"—meaning thereby the charge of smuggling diamonds preferred against one of the plaintiffs in error. No such issue was tendered and the tendency of the statement being prejudicial, the court should have restrained counsel, and instructed the jury to disregard it.

Again it is contended that the court erred in charging the jury that the first question for them to determine was whether the plaintiff had rendered services for the defendants, and, if so, their value. The defendants in their answer admitted only that they had consulted plaintiff, and if a literal construction is insisted on, the answer is evasive and misleading. But if the jury found the facts required by the charge of the court, the employment of plaintiff was fully shown, and the court did not err in the instruction given. The hypothetical question submitted to the attorneys called as witnesses by the defendant in error is objectionable in so far as it is based upon evidence erroneously admitted.

Many other errors are assigned, but we do not consider them of such importance as to merit special notice. Some of them were invited by counsel for plaintiffs in error, others were provoked by the spirited if not bitter prosecution of a too lengthy trial, but none was prejudicial.

Judgment reversed and cause remanded.